**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINIC HAYNES aka HAYENS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1418** |
| | : | |
| **WARDEN CURRAN-FROMHOLD** | : | |
| **CORRECTIONAL FACILITY, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KENNEY, J.** **JULY 29, 2026**

Plaintiff Dominic Haynes, a pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983, naming as Defendants the Warden of Curran-Fromhold Correctional Facility ("Warden of CFCF"), the City of Philadelphia, the Commissioner of the Philadelphia Department of Prisons ("Commissioner"), and the Commonwealth of Pennsylvania, seeking declaratory and injunctive relief. (ECF No. 2 at 4–5.) Haynes was previously granted leave to proceed *in forma pauperis*. (*See* ECF No. 9.) For the following reasons, the Court will dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Haynes will be permitted to amend his Complaint if he is able to cure the identified defects with his claims.

## I. FACTUAL ALLEGATIONS[1]

Haynes is a pretrial detainee incarcerated at CFCF awaiting trial on criminal charges pending against him in the Philadelphia County Court of Common Pleas. *See Commonwealth v.*

[1] The factual allegations set forth in this Memorandum are taken from Haynes's Complaint ("Compl.") and attached documents. (*See* ECF Nos. 2, 2-1.) The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

*Hayens*, CP-51-CR-0002681-2024 (C.P. Philadelphia).[2] According to the docket available on the Unified Judicial System of Pennsylvania Web Portal, Haynes has been detained at CFCF on charges related to that case since July 2024.[3] *Id.*

Haynes states that the events giving rise to his constitutional claims occurred "between July 14, 2025 and the present. They involve my arrest, detention, and continued confinement." (Compl. at 6.) Elsewhere he states that the constitutional violations "began on July 21, 2023, and continue to the present day." (*Id.* at 7.) He further asserts that his unlawful detention is "ongoing" and that he has been held "continuously without arraignment, without discovery, without a trial date, and without any judicial review of bail." (*Id.* at 6.) Haynes alleges that his injuries include the "inability to prepare a defense or access the courts." (*Id.* at 7.) He contends that he has been unable to grieve these claims "[b]ecause the grievance system cannot provide release, bail review, or judicial[]action." (*Id.* at 10.)

---

[2] "Hayens" is one of Haynes's aliases. (*See* ECF No. 11 at 1 n.1.)

[3] By way of background, Haynes had open criminal dockets or was wanted in multiple counties in Pennsylvania and was moved among "a variety of penal institutions until he ultimately escaped" from the Allegheny County Prison on October 16, 2022. *Commonwealth v. Haynes*, 328 A.3d 1035, 1036–37 (Pa. Super. 2024). Authorities captured him on or about July 24, 2023, and the events alleged in the Philadelphia criminal case occurred three days before that, on July 21, 2023. *Commonwealth v. Haynes*, No. 2318 EDA 2023, 2024 WL 3913198, *1 (Pa. Super. 2024); *Hayens*, CP-51-CR-0002681-2024, Docket at 3–4 (offense dates). According to the publicly available dockets, his preliminary arraignment in the 2024 Philadelphia case was held on February 9, 2024, and his preliminary hearing considering eighteen criminal charges occurred on April 11, 2024. Two charges were not held for court but the remaining sixteen were. The Commonwealth filed bills of information on April 16, 2024. Both the prosecutor and defense have filed motions concerning Pennsylvania Rule of Criminal Procedure 600; the court has ruled on them all. Haynes is now on his fifth defense attorney. The first four attorneys withdrew, and his fifth entered his appearance on August 22, 2025, and remains court-appointed counsel. On April 17, 2026, the defense requested a continuance for further investigation. The next court date, a status hearing, is scheduled for August 28, 2026. *See Hayens*, Docket.

Haynes filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. (Compl. at 5.) He seeks a declaratory judgment that his rights under the Sixth, Eighth, and Fourteenth Amendments have been violated, and injunctive relief directing his release from custody, or in the alternative, an order requiring the Commonwealth to provide him with a bail hearing. (*Id*. at 7.)

## II. STANDARD OF REVIEW

Because the Court granted Haynes leave to proceed *in forma pauperis*, it is obligated to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the Complaint if, among other grounds, it fails to state a claim. *See* § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Haynes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which constitutional claims alleging violations of civil rights may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Improper Claims for Relief**

To the extent that Haynes contends that alleged pretrial delays and the lack of bail review justify his immediate release, the claims will be dismissed with prejudice.[4] When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see, e.g., Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2018) (*per curiam*) (affirming that § 2241 petition was proper mechanism for pretrial detainee to bring claims of warrantless arrest, detention without probable cause hearing, and speedy trial violation); *Goode v. Russell*, No. 22-1320, 2022 WL 3018199, at *4 (E.D. Pa. July 29, 2022) (citing to *Braden v. Judicial Cir. of Ky.*, 410 U.S. 484, 492–93 (1973), and concluding that speedy trial claim would appropriately be raised in 28 U.S.C. § 2241 habeas petition). Indeed, Haynes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that is pending in this Court, in which he seeks release or a bail hearing. *See Haynes v. Warden, Curran-Fromhold Correctional Facility*, No. 26-2625 (ECF

[4] Under the "Injuries" heading of his Complaint, Haynes vaguely states that he has been unable "to prepare a defense or access the courts" due to his prolonged detention. (*See* Compl. at 7.) The Court does not understand this passing reference to allege a separate constitutional claim for the deprivation of access to courts under the First, Sixth, and Fourteenth Amendments. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). The Court further observes that the state court docket sheet indicates that Haynes has court-appointed representation in his state criminal matter. *Prater v. City of Philadelphia*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (*per curiam*) ("[A]ppointment of counsel is sufficient to provide a pretrial detainee with meaningful access to the courts." (quotation marks and citations omitted)).

No. 1 at 8–9 (claiming that he has been detained without an affidavit of probable cause, judicial review, or a bail hearing). The Court will accordingly dismiss these claims for failure to state a claim.[5] *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("Just as in *Heck*, whenever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

Relatedly, the Court will dismiss the Commonwealth as a party from this case. Haynes has named the Commonwealth as a defendant only for the purpose of injunctive relief, namely, release from custody or a bail review hearing. (Compl. at 2.) Given that, as noted, such relief is only properly sought through a petition for habeas relief, and that those claims are being dismissed, the Court will dismiss the Commonwealth as a party with prejudice.[6]

**B. Claims Against the City of Philadelphia**

Haynes has named the City of Philadelphia as a defendant in his Complaint, broadly stating that "actions or inactions of . . . the City of Philadelphia" are involved in the deprivations of his constitutional rights, such that his immediate release or a bail hearing is warranted as relief. (Compl. at 6.) But the City is not properly named in this action because it does not have any role in providing such relief; rather, release or a bail hearing must be sought through an appropriate

---

[5] The dismissal of these claims does not preclude Haynes from challenging his criminal charges in state court nor does it provide any comment on the merits of any claims contained in his pending § 2241 petition for a writ of *habeas corpus*.

[6] Insofar as Haynes would seek to sue the Commonwealth in a lawsuit pursuant to § 1983, the Eleventh Amendment bars suits against a state and its agencies for damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). However, state officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

court, here, the Court of Common Pleas for Philadelphia County. *See, e.g., Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) (explaining that plaintiff could not proceed against a county to vitiate alleged conduct arising out of the county court of common pleas); *Graham v. Clifford*, No. 26-2894, 2026 WL 1894276, at *4 (E.D. Pa. Jul. 1, 2026) ("Simply put, one cannot sue a [municipality] in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." (quoting *Andersen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020))). Considering that it cannot provide the requested injunctive relief, the Court will dismiss the City as a party because there is no case or controversy against it. *See Scott v. DiGuglielmo*, 615 F. Supp. 2d 368, 373–74 (E.D. Pa. 2009) ("If the defendants have no power to redress the alleged injuries even if the court were to grant the requested relief, the plaintiff has no case or controversy against those particular defendants." (citing *Okpalobi v. Foster,* 244 F.3d 405, 427 (5th Cir. 2001))); *Snyder v. Millersville Univ.,* No. 07–1660, 2008 WL 5093140, at *12 (E.D. Pa. Dec. 3, 2008) ("In proceeding instead only against individuals who do not have the authority to afford her the desired relief, however, Plaintiff's request for a mandatory injunction necessarily fails."); *Williams v. Doyle,* 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007) ("[A] claim for injunctive relief can stand only against someone who has the authority to grant it."). The Court will therefore dismiss the claims alleged against the City without prejudice for lack of standing.

**C. Claims Against the Warden of CFCF and the Commissioner**

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)

(emphasis in original)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Although Haynes broadly claims that his continued detention at CFCF violates his constitutional rights (Compl. at 6), he does not allege any facts against the Warden or against the Commissioner. In fact, he never mentions them beyond identifying them as defendants in the lawsuit, (*see id*. at 3, 4). Haynes asserts that he has been continually detained "without arraignment, without discovery, without a trial date, and without any judicial review of bail," none of which suggest the involvement of the Warden or the Commissioner. (*Id*. at 6); *Rode*, 845 F.2d at 1207. Accordingly, all claims alleged against the Warden and the Commissioner of the Philadelphia Department of Prisons will be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Claims under § 1983 – False Arrest and False Imprisonment**

Although unclear, Haynes may be attempting to challenge the initiation of criminal charges against him, (*see* Compl. at 7 (alleging that constitutional "violations began on July 21, 2023")), as well as his detention, (*see id.* at 6). *See Hayens*, CP-51-CR-0002681-2024, Docket at 3–4 (reflecting July 21, 2023 as the offense date). To the extent he is trying to assert claims of false arrest and false imprisonment, Haynes has failed to allege a plausible claim. "Plaintiff's false arrest and false imprisonment claims are nearly identical causes of action that courts analyze together." *Covington v. Plymouth Twp. Police Dept.*, 779 F. Supp. 3d 509, 523 (E.D. Pa. 2025) (citing *Wilson v. Dewees*, 977 F. Supp. 2d 449, 455 (E.D. Pa. 2013)); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). These claims sound under the Fourth Amendment. *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) ("[T]he Supreme Court has recognized the Fourth Amendment—and not the

Due Process Clause of the Fourteenth Amendment—as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." (citations omitted)); *see also Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 202–03 (3d Cir. 2020); *Covington*, 779 F. Supp. 3d at 523 ("To state these claims under Section 1983, a plaintiff must [allege plausibly] 'that: (1) there was an arrest; and (2) the arrest was made without probable cause.'" (quoting *Saintil v. Borough of Carteret*, No. 22-2898, 2024 WL 3565308, at *6 (3d Cir. July 29, 2024) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995))); *see also Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)). "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances, and viewed from the perspective of an objectively reasonable police officer." *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted). The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). For false arrest claims involving multiple charges, establishing probable cause on one charge insulates the defendant from liability. *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024); *Bracken v. Twp. of Manor*,

No. 23-1763, 2024 WL 4210535, at *3 n.5 (3d Cir. Sept. 17, 2024) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 204 n.14 (3d Cir. 2008)).

Haynes has not provided any factual allegations whatsoever concerning the circumstances of his arrest on the charges in *Hayens*, CP-51-CR-0002681-2024. It is not clear from the Complaint who initiated the criminal charges against him, what the alleged basis for the arrest was, and what exactly Haynes contends was unlawful in the arrest and detention. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Haynes pleads no factual content at all with respect to his Fourth Amendment claims. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because he has not alleged any facts that allow the Court to reasonably infer any liability, the Court will dismiss the claims.[7] *Jenkins v. City of*

---

[7] Should Haynes attempt to amend his complaint, the Court may still be prevented from proceeding with adjudication pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77–78 (2013)). When considering whether *Younger* abstention is appropriate, the Court proceeds in two sequential stages. *Greco v. Bruck*, No. 21-1035, 2022 WL 1515375, at *2 (3d Cir. May 13, 2022). At the first stage, the Court must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) quasi-criminal state civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). At the second stage, the Court must consider three factors articulated by the Supreme Court in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982), whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See PDX N., Inc.,* 978 F.3d at 883. In the event that the *Younger*

*Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert a plausible claim of lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and that the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Haynes's claims to be released from custody or obtain a new bail hearing based on allegations of pretrial delays and absence of process including a bail hearing. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Claims against the Commonwealth will also be dismissed with prejudice. The dismissal of his claims seeking release from imprisonment on those grounds does not preclude Haynes from challenging his

---

abstention doctrine applies, the Court ordinarily stays the civil action until the state criminal proceedings are resolved. *See Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding."); *see also Borowski v. Kean Univ.*, 68 F.4th 844, 855 (3d Cir. 2023) ("[D]ismissal of a damages claim on abstention grounds is no longer permissible.").

criminal charges in state court nor does it impact the adjudication of those claims in Haynes's pending petition for habeas relief under 28 U.S.C. § 2241. Claims against the City of Philadelphia will be dismissed without prejudice for lack of standing. Because amendment would be futile, leave to amend will not be granted on those claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Claims against the Warden of CFCF and the Commissioner of the Philadelphia Department of Prisons, and the claims alleging false arrest and false imprisonment will be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows with additional information about amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**